DAMIAN WILLIAMS
United States Attorney
Southern District of New York
By: AMANDA LEE
Assistant United States Attorney
Southern District of New York
86 Chambers Street, Third Floor
Tel.: (212) 637-2781
Email: Amanda.Lee2@usdoj.gov

| |
|---|
| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED:   09/29/2023 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESSENIA TORRES, as Administrator of the Estate
of IVAN TORRES, Deceased, and Lucila Torres,
Individually,

                              Plaintiffs,

                  -v-

THE UNITED STATES OF AMERICA, KENNETH
LIU, M.D., SAPAN POLEPALLE, M.D.,
MONTEFIORE MEDICAL CENTER, ADVANCED
UROLOGY CENTERS OF NEW YORK, and
INTEGRATED MEDICAL PROFESSIONALS,
PLLC,

                            Defendants.

23 Civ. 3052 (JLC)

## PRIVACY ACT ORDER AND PROTECTIVE ORDER

       Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, the Court

enters this Privacy Act Order and Protective Order, upon the joint request of the parties, for the

purposes of facilitating the disclosure of information that otherwise would be prohibited from

disclosure under the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"), and assuring the

confidentiality of information that may be disclosed by the parties or by any non- party agencies,

departments, or offices of the United States of America (the "United States") in the course of

discovery proceedings.  The Court, having found that good cause exists for entry of this Privacy

Act Order and Protective Order, HEREBY ORDERS:

       1.       Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes the United States to

produce information that otherwise would be prohibited from disclosure under the Privacy Act

without presenting Privacy Act objections to this Court for a decision regarding disclosure.  To the

extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order

constitutes such a court order and authorizes the disclosure of that information.  However, nothing

in this paragraph shall require production of information that is prohibited from disclosure (even

with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities.

2.      As used in this Order, the term "Protected Information" constitutes any and all

documents or records, and information contained therein, that contain any confidential,

proprietary, personal, or similar information, including, but not limited to, privileged law

enforcement information and information protected from disclosure by the Privacy Act.

3.      Information that Plaintiff or the United States deems Protected Information shall

be designated as such in one or more of the following ways:

i.      Information set forth in an answer to an interrogatory may be so

designated by including the words "Protected Information" in the answer.

ii.      Information contained in any document or part thereof may be so

designated by marking the phrase "Subject to Protective Order" on the document or record

containing Protected Information prior to the production of such document or record.

iii.      Information contained in an answer to any question asked during an oral

deposition may be so designated by a statement made on the record during the course of the

deposition and on the same day that the answer is given or, after receiving the transcript of the

deposition, by giving written notice to counsel for the opposing party of the page and line

numbers designated as "Protected Information."

4.      Any party who contests the designation of a document, record, or other

information as Protected Information shall provide the producing party written notice of its

challenge.  If the parties cannot resolve this dispute, they shall follow the Federal Rules of Civil

Procedure, the Local Civil Rules for the United States District Courts for the Southern and Eastern

Districts of New York, the individual practices of the Court, and/or any court orders for addressing

discovery disputes.   Failure to challenge a designation immediately does not waive a party's

ability to bring a later challenge.

      5.     Except as provided in this Order, all Protected Information produced or exchanged

pursuant to this Order shall be used solely for the purposes of this action and for no other purpose

whatsoever, and shall not be published to the general public in any form, or otherwise disclosed,

disseminated, or transmitted to any person, entity, or organization, except in accordance with the

terms of this Order.

      6.     Protected Information may be disclosed only to the following Qualified Persons:

      i.     The United States, attorneys for the United States, and any support staff or

other employees of the United States or attorneys of record who are assisting in the defense of

this action;

      ii.     Plaintiff, attorneys for Plaintiff, and any support staff or other employees of

attorneys of record for Plaintiff who are assisting in the maintenance of this action;

      iii.     Any named Defendants, attorneys for Defendants, and any support staff or

other employees of attorneys of record for Defendants who are assisting in the maintenance of this

action;

      iv.     Witnesses who are or may be deposed in this action, to the extent the

witnesses' testimony may relate to Protected Information;

      v.     Experts or consultants retained or consulted for this action by counsel to a

party, and any support staff or other employees for such experts or consultants who are assisting in

the expert's work for this action;

      vi.      Court reporters or stenographers engaged to record deposition testimony, and their employees who are assisting in the preparation of transcripts of such deposition testimony;

      vii.      Court employees and Court staff; and

      viii.      Such other persons as hereafter may be authorized by the Court upon motion of any party.

7.     A copy of this Order shall be delivered to each Qualified Person under sections 6(iii), 6(iv), and 6(v) to whom a disclosure of Protected Information is made, at or before the time of disclosure, by the party making the disclosure or by its counsel.  Each such person shall execute an acknowledgment in the form of Exhibit 1 attached hereto before disclosure is made, and the provisions of this Order shall be binding upon that person.

8.     All Qualified Persons, including the parties and their respective counsel, to whom Protected Information is disclosed, are hereby prohibited from disclosing information designated as Protected Information to any unauthorized person, except as provided in this Order.

9.     Any deposition questions intended to elicit testimony regarding information designated as Protected Information shall be conducted only in the presence of persons authorized to review the Protected Information.  Any portions of deposition transcripts containing such questions and testimony shall be automatically subject to the same protections and precautions as the Protected Information.

10.     If any party seeks to publicly file with the Court any Protected Information, or portions of pleadings, motions, or other papers that disclose such Protected Information, that party shall provide the producing person no less than fourteen days' advance written notice of its intent to file such material.  The producing party may then make an application to the Court requesting that the material be filed and kept under seal.  If such an application is made, the papers in question

shall not be filed until the Court renders a decision on that application.  The parties will use their best efforts to minimize the need to file documents under seal.

11.    Nothing in this Order shall preclude any disclosure of Protected Information to any judge, magistrate, or employee of the Court for purposes of this action.

12.    Nothing contained in this Order shall be construed to prejudice any party's right to use in open court any Protected Information, provided that reasonable notice of the potential disclosure of the Protected Information shall be given to the producing party so that the producing party may move to seal the document, or otherwise seek to prevent the disclosure or dissemination of the Protected Information, in advance of its use in open court.

13.    If counsel for any party is required by law or court order to disclose, disseminate, or transmit Protected Information produced under this Order to any person or entity not identified herein as a Qualified Person, the name of that person or entity and the reason access is required shall be provided to the producing party no less than 14 days prior to disclosure, dissemination, or transmittal so as to provide the producing party sufficient time to object and seek a protective order as necessary.  There shall be no disclosure after an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required sooner by law or court order.

14.    Within thirty days after the final disposition of this action, including any and all appeals, all Protected Information and copies thereof in the possession of any Qualified Persons shall be returned to the producing parties or destroyed.  If the Protected Information is destroyed, the party that has destroyed the Protected Information shall certify in writing to the producing party that the Protected Information in its possession has been destroyed.

15.    If a party or the Government inadvertently fails to designate material as Protected Information at the time of production, this shall not in itself be deemed a waiver of any claim of

5

confidentiality as to that Protected Information. The producing party may correct its failure to designate an item as Protected Information by taking reasonable steps to notify all receiving persons of its failure, and by promptly supplying all receiving persons with new copies of any documents bearing corrected designations. Within five business days of receiving copies of any documents bearing corrected designations pursuant to this paragraph, the receiving persons shall return or destroy the improperly designated materials, and certify in writing to the producing party that such materials have been returned or destroyed.

16.     This Order does not constitute any ruling on the question of whether any particular document or category of information is prohibited from disclosure by the Privacy Act or that any particular document or category of information is properly discoverable, and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information.

17.     Nothing in this Order shall be construed as a waiver of any defense, right, objection, or claim by any party, including any objection to the production of documents and any claim of privilege or other protection from disclosure.

18.     Nothing in this Order shall affect the right of any party to seek additional protection against the disclosure of any documents or materials, or of the parties to seek additional disclosures.

19.     Nothing in this Order shall prevent the disclosure of Protected Information to government authorities for purposes of enforcement of criminal laws or in furtherance of civil enforcement or regulatory proceedings.

20.     Nothing in this Order shall prevent any disclosure of Protected Information by the party or entity that designated the information as such.

21.     The terms of this Order shall survive the termination of this action for purposes of enforcing this Order.

SO STIPULATED AND AGREED TO BY:

Dated: September 29, 2023
    New York, New York

Dated: September 29, 2023
    New York, New York

BONINA & BONINA, P.C.
*Attorney for Plaintiff*

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for United States of America*

By:    */s/ Amy Insler*        
    AMY L. INSLER
    32 Court Street, Suite 1700
    Brooklyn, NY 11201
    Tel.: (718) 522-1786
    E-mail: Ainsler@medlaw1.com

By:    */s/ Amanda Lee*        
    AMANDA LEE
    Assistant United States Attorney
    86 Chambers Street, Third Floor
    New York, New York 10007
    Tel.: (212) 637-2781
    E-mail: Amanda.Lee2@usdoj.gov

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
*Attorney for Kenneth Liu M.D., Montefiore Medical Center*

By:    */s/ Pamela Harinstein*        
    PAMELA HARINSTEIN
    1133 Westchester Avenue
    White Plains, NY 10604
    Tel.: (917) 208-8387
    E-mail: Pamela.Harinstein@wilsonelser.com

Dated: September 29, 2023
New York, New York

VIGORITO, BARKER, PATTERSON, NICHOLS & PORTER LLP
*Attorney for Sapan Polepalle M.D., Advanced Urology Centers of New York, Integrated Medical Professionals, PLLC*

By:    */s/ Tricia Criscito*        
    JEFFREY NICHOLS
    TRICIA CRISCITO
    300 Garden City Plaza Suite 100
    Garden City, NY 11530
    Tel.: (516) 282-3355
    E-mail: J.Nichols@vbpnplaw.com
        T.Criscito@vbpnplaw.com
    Dated: September 29, 2023
    New York, New York

**SO ORDERED.**

JAMES L. COTT
United States Magistrate Judge

Dated:   September 29, 2023
         New York, New York

**EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JESSENIA TORRES, as Administrator of the Estate of IVAN TORRES, Deceased, and Lucila Torres, Individually,<br><br>                              Plaintiffs,<br><br>                    -v-<br><br>THE UNITED STATES OF AMERICA, KENNETH LIU, M.D., SAPAN POLEPALLE, M.D., MONTEFIORE MEDICAL CENTER, ADVANCED UROLOGY CENTERS OF NEW YORK, and INTEGRATED MEDICAL PROFESSIONALS, PLLC,<br><br>                              Defendants. | 23 Civ. 3052 (JLC) |

## ACKNOWLEDGEMENT

I have read and I understand the Privacy Act Order and Protective Order entered by the Court in the above-captioned case, and I agree to be bound by its terms.

Date: _____

Name (printed): _____

Signature: _____